**IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JUAN ANTONIO REGALADO (42244-424 ),** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 12 C 1499** |
| | ) | |
| | ) | |
| **CATHERINE LINAWEAVER, et al.** | ) | **Judge John J. Tharp** |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Juan Antonio Regalado ("Plaintiff"), currently confined at the Metropolitan Correctional Center in Chicago ("MCC"), filed this civil rights action against MCC's Warden Catherine Linaweaver, Nurse Velasquez, Dr. Russo, Dr. Harvey, Medical Director Fearday, and Captain Sala ("Defendants"). According to Plaintiff, he entered the MCC in November 2010, complaining of pain in his lower abdomen, but nothing was done at that time. He states that he continued to complain of pain but received only ibuprofen and other pain relievers. Allegedly, he did not see another physician until April 2011, and again received only medication but no examination, even though he informed medical personnel that there was blood in his stool. Plaintiff states that he was not again examined until September 2011, when an outside physician diagnosed external hemorrhoids, stomach ulcers, a hernia, and esophageal inflammation. Plaintiff contends the Defendants acted with deliberate indifference to his medical condition.

Pending before this Court is Defendants' motion for summary judgment. They contend that Plaintiff failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) before filing this

case. Plaintiff has responded, and the Defendants have replied. For the reasons set forth below, the Court grants Defendants' summary judgment motion and dismisses this case with prejudice.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Jajeh v. County of Cook*, 678 F.3d 560, 566 (7th Cir. 2012). In addressing Defendants' motion, this Court construes the facts and makes all reasonable inferences in favor of Plaintiff. *Jajeh*, 678 F.3d at 566. Once the moving party demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue." *Hannemann v. Southern Door County School Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). A genuine issue of material fact exists only if there is evidence to permit a verdict for the nonmoving party. *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010).

When addressing a summary judgment motion, this Court derives the background facts from the parties' Local Rule 56.1 Statements, which assist the court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). The movant's Rule 56.1 Statement must "consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." Local Rule 56.1(a)(3) (N.D. Ill). The non-movant must respond "to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." Rule 56.1(b)(3)(B). The non-movant may submit "any affidavits or other materials" to support his or her responses to the

movant's statements, as well as any additional facts requiring denial of summary judgment. Rule 56.1(b)(1); *see also* Fed. R. Civ. P. 56(c). A non-movant's failure to respond to a Local Rule 56.1 statement of fact that is supported by the record results in that fact being considered admitted. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006).

In the present case, because Plaintiff is proceeding *pro se*, the Defendants served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by Local Rule 56.2. (R. 26.) The notice explains the consequences of failing to properly respond to a motion for summary judgment and to the facts set out in the movant's Local Rule 56.1 Statement. *Id.* Plaintiff filed a response to the Defendants' summary judgment motion, (R. 28), but not their Rule 56.1 statements of fact. Although pleadings from *pro se* litigants are liberally construed, *pro se* litigants must still comply with the Court's local procedural rules. *Dale v. Poston,* 548 F.3d 563, 568 (7th Cir. 2008); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). Accordingly, this Court will consider Defendants' Rule 56.1 statements admitted, to the extent they are supported by the record. *Raymond*, 442 F.3d at 608. With these standards in mind, the Court turns to the facts of this case.

## FACTS

Plaintiff has been incarcerated at the Metropolitan Correctional Center ("MCC") since November 23, 2010. (R. 24, Defs. SOF ¶ 1.) He initiated this action in February 2012, alleging deliberate indifference to his medical needs by MCC personnel. (*Id.* at ¶ 3.) According to MCC Warden Secretary Abigail Hoyos' declaration and the "Administrative Remedy Generalized Retrieval Report" attached thereto, Plaintiff filed two requests for administrative relief before initiating this suit. (*Id.* at ¶ 4; *citing* Hoyos Decl., *citing* Administrative Report attached to Decl.) One request for administrative relief was an appeal of a disciplinary finding, which he filed on May 9, 2011, and which concluded on May 16, 2011. (*Id.* at ¶ 4.) That request has nothing to do with this case. The other request was filed on May 2, 2011, and sought medical attention. (*Id.* at ¶ 5.) According to Warden Secretary Hoyos and the Administrative Remedy Retrieval Report, Plaintiff

withdrew this request and the administrative process was closed on June 7, 2011. (*Id.*) The Bureau of Prisons has administrative remedy procedures, which include a three-tiered grievance process. An issue is not considered exhausted unless and until an administrative decision is addressed at the institutional, regional, and central office levels. (*Id.* at ¶¶ 7-8.)

The above stated facts are taken from Defendants' Rule 56.1 statements of fact, which are supported by the record. Plaintiff did not respond to Defendants' Rule 56.1 Statement. Nor did he submit evidence, such as his own affidavit or declaration. (R. 28.) Plaintiff's one-page response states that MCC staff "did not respond to plaintiff's administrative remedy request (BP-9)" and that "he did not withdraw his complaint." (*Id.*) Given that Defendants' statements of facts are supported by the record and the lack of a response, their statement of facts are deemed admitted. The Court notes, however, that, even if Plaintiff's response sufficed to create a disputed issue of fact as to whether he received a response to his grievance or withdrew it, the summary judgment evidence still shows that he did not exhaust his claim of deliberate indifference to his medical needs because, whether he withdrew the request or not, he did not pursue the administrative process to its completion.

**DISCUSSION**

The Prisoner Litigation Reform Act requires that "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other federal law, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. The exhaustion requirement applies to federal prisoners bringing *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), actions against federal prison officials. *Kaba v. Stepp*, 458 F.3d 678, 684-85 (7th Cir. 2006); *Dale v. Lappin*, 376 F.3d 652, 654-55 (7th Cir. 2004). Under § 1997e's exhaustion requirement, no prisoner "is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Even where the prisoner seeks relief that was unavailable in the administrative system, such as money

damages, he must still exhaust available administrative remedies. *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006).

Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford*, 548 U.S. at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of a prison grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *Dole*, 438 F.3d at 809; *see also Woodford*, 548 U.S. at 90. "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Pavey v. Conley*, 663 F.3d 899, 905-06 (7th Cir. 2011). Such an opportunity exists only if "the grievant complies with the system's critical procedural rules." *Id.*

Exhaustion of administrative remedies at the MCC involves a four step process. An inmate must first attempt to resolve the issue informally. If attempts for informal resolution are unsuccessful, the inmate is to then utilize the Bureau of Prison's three-tiered grievance system, which requires him to submit his request for administrative relief to the Warden, then to the Regional Director, and finally to the General Counsel. *See* 28 C.F.R. § 542.13-18.

According to the summary judgment evidence, Plaintiff filed one BP-9 Administrative Remedy Request for medical care on May 2, 2011; a response was due June 11, 2011; but the administrative request process was closed on June 7, 2011, because the request was withdrawn. (R. 24, Defs. SOF ¶ 5, *see also* Exh. 1, Hoyos Decl. ¶ 7 and Administrative Remedy Generalized Retrieval Form attached to declaration). As noted above, given that Plaintiff did not adequately respond to Defendants' Rule 56.1 statement or their evidence and given that their statement is supported by the record, these facts are considered admitted, even though Plaintiff states that he never withdrew his grievance. *Cady*, 467 F.3d at 1061; *Raymond*, 442 F.3d at 608. The summary

judgment evidence thus demonstrates that Plaintiff did not exhaust his claim of deliberate indifference to his medical needs.

The Court notes as well that summary judgment is still warranted even if the Court considers Plaintiff's response compliant with Local Rule 56.1. While Plaintiff correctly indicates that administrative remedies cannot be considered "available" if prison officials prevented him from utilizing the administrative process, *see Pavey*, 663 F.3d at 906, his contentions that he never withdrew his administrative request nor heard a response do not indicate that administrative remedies were unavailable. The Bureau of Prison's administrative procedures provide that, "if the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. If Plaintiff did not withdraw his grievance and never heard a response, he should have considered the grievance denied at that level and proceeded to the next level of administrative review.

In short, Plaintiff failed to pursue his administrative claim through all of the avenues available to him and therefore failed to exhaust his administrative remedies. Furthermore, given that Plaintiff's claims concern allegedly inadequate medical care prior to September 2011, when he was examined by an outside physician and his medical issues were properly diagnosed, it appears that Plaintiff cannot now exhaust administrative remedies. The BOP's administrative procedures require submission of a grievance within 20 days of the date of the complained-of incident. 28 C.F.R. § 542.14(a). The dismissal is therefore with prejudice.

### CONCLUSION

For the reasons stated above, the Court grants Defendants' motion for summary judgment (R. 22), and dismisses the complaint with prejudice.

ENTER: _____

John J. Tharp, Jr.

DATE: 3/22/2013                                   United States District Court Judge