# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1499 | **DATE** | 4/11/2013 |
| **CASE TITLE** | Juan Antonio Regalado (#42244-424) vs. Linaweaver, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Supplemental Response to Defendants' motion for summary judgment [#36] is construed as a motion to alter or amend the Court's March 22, 2013 opinion granting summary judgment. Plaintiff's motion is denied.

■[ For further details see text below.]        Docketing to mail notices.

## STATEMENT

On March 22, 2013, the Court granted summary judgment for Defendants upon determining that Plaintiff Juan Antonio Regalado had not exhausted administrative remedies for his claim. Plaintiff's complaint alleges that Metropolitan Correctional Center ("MCC") officers ignored his complaints of abdominal pain. Currently before the Court is Plaintiff's "Supplemental Response to Defendants' Motion for Summary Judgment." Though received shortly after the March 22, 2013 judgment, Plaintiff apparently mailed his pleading several days earlier. Even if the Court had received the pleading before the March 22, 2013 judgment, however, the Court would have still granted summary judgment.

When considering the summary judgment motion, the Court had Defendant's Local Rule 56.1 Statement of Material of Uncontested Facts, which Plaintiff did not address and which was supported by a declaration from MCC Administrative Secretary Abigail Hoya and an "Administrative Remedy Generalized Retrieval Report." Plaintiff's recent pleading both specifically addresses each of Defendants' Rule 56.1 statements of fact (he objects to most of them) and seeks to strike Hoya's declaration. Considering Plaintiff's supplemental response part of the summary judgment record, the record still demonstrates that he did not exhaust administrative remedies before filing this suit.

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other federal law, until such administrative remedies as are available are exhausted." Exhaustion of administrative remedies "'means using all steps that the agency holds out" and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

Exhaustion of administrative remedies at the MCC involves a four-step process. An inmate must first attempt to resolve the issue informally. If attempts for informal resolution are unsuccessful, the inmate is to then utilize the Bureau of Prison's three-tiered grievance system, which requires him to submit his request for administrative relief to the Warden, then to the Regional Director, and finally to the General Counsel. *See* 28 C.F.R. § 542.13-18.

**STATEMENT**

In its March 22, 2013 opinion, the Court noted that Plaintiff had not properly responded to Defendants' contention that he withdrew his grievance before it was addressed at the first stage of the grievance-review process. The Court concluded that: (1) Plaintiff failed to exhaust administrative remedies because he withdrew his grievance and (2) even if Plaintiff's withdrawal of his grievance was contested, he still had not exhausted administrative remedies because he did not pursue administrative remedies to the final two steps.

The determination that Plaintiff withdrew his grievance continues to be supported by the summary judgment evidence. Although Plaintiff seeks to strike Abigail Hoya's declaration, Defendants' Rule 56.1 factual statement that Plaintiff withdrew his grievance continues to be supported by the Administrative Remedy Generalized Retrieval Report. (*See* Doc. #24-1, p.4.) Plaintiff does not cite to any evidence, such as his own declaration or affidavit, stating that he did not withdraw the grievance. (*See* Docs. ##28, 35.) The absence of a proper response to a Local Rule 56.1 statement of fact that is supported by the record results in the fact being considered admitted. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *see also* Local Rule 56.1(b)(3) (a proper response to a Rule 56.1 statement must respond "to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon"). The Court's determination that Plaintiff withdrew his grievance is still supported by the summary judgment evidence, even considering Plaintiff's recently filed supplemental response.

More importantly, however, crediting Plaintiff's contention that he did not withdraw his grievance, which the Court did in its March 22, 2013 opinion, the Court must still conclude he did not exhaust available remedies. The Bureau of Prison's administrative procedures provide that, "if the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Even if an issue of material fact exists with whether Plaintiff withdrew his grievance, the Administrative Review Generalized Retrieval Report shows no activity after the review process was closed at the first stage of the grievance process. (Doc. #24-1, p.4.) If Plaintiff did not withdraw his grievance and never heard a response, he should have considered the grievance denied at that level and proceeded to the next level of administrative review. Plaintiff presents no evidence or indication that such was done. Accordingly, the Court must conclude that the administrative review process was not fully and properly utilized.

For the reasons stated herein, the Court's judgment of March 22, 2013, stands and Plaintiff's recently submitted supplemental response to the summary judgment motion provides no grounds to alter or amend that judgment. Construing Plaintiff's supplemental response as a Fed. R. Civ. P. 59(e) motion, which appears to be the most liberal and fairest construction of the pleading, the Court denies the motion. *See Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (Rule 59(e) allows a court to alter or amend a judgment only if the plaintiff demonstrates a manifest error of law or presents newly discovered evidence).